**David HAMMER, Plaintiff–Appellant,**

v.

**FIRST UNUM LIFE INSURANCE COMPANY, Defendant–Appellee.**

**No. 05–1663–CV.**

United States Court of Appeals, Second Circuit.

Dec. 23, 2005.

Christopher P. Foley (Patrick F. Foley, on the brief), McCormick Dunne & Foley, New York, N.Y., for Appellant.

Evan L. Gordon, New York, N.Y., for Appellee.

PRESENT: Hon. JAMES L. OAKES, Hon. GUIDO CALABRESI, and Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Plaintiff–Appellant David Hammer ("Hammer") brought suit under the Employment Retirement Insurance Savings Act (ERISA), 29 U.S.C. § 1001 *et seq.,* to recover disability insurance benefits from his insurer, First Unum Life Insurance Company ("First Unum"). The district court granted summary judgment in First Unum's favor, and denied Hammer's motion for reconsideration. Hammer appeals both rulings.

We assume the parties' familiarity with the facts, the procedural history, and the specification of issues on appeal.

In their briefs, the parties argue over whether, in light of an alleged violation of 29 C.F.R. § 2560.503–1(h), the denial of benefits should be reviewed *de novo* or under the arbitrary and capricious standard. *See Nichols v. Prudential Ins. Co. of Am.,* 406 F.3d 98, 109 (2d Cir.2005). They also debate whether Hammer, not having raised the issue initially, should now be heard to argue that *de novo* review

is appropriate. The standard of review, however, is not relevant to the disposition of this appeal.

The only question in this case is whether or not Hammer was engaged in "active employment," and hence, covered under the terms of his employer's Group Long Term Disability Insurance Policy ("the Policy") with First Unum, when he became disabled in February 2001. The Policy defines Hammer's "active employment" as working twenty or more hours a week, and Hammer does not contend that he satisfied this requirement. Instead, Hammer asserts that he was on a medical leave of absence, so that, under the terms of the Policy, his coverage continued as if he had been in active employment. But the Policy provides that coverage may be continued during a medical leave of absence only if, *inter alia*, the employer has approved the leave in writing. Hammer has produced no evidence of any written leave authorization. His claim must, therefore, be rejected.

We have considered all of Hammer's arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.